### David Bloch, Defendant in Error, v. J. Stern & Sons, Plaintiffs in Error.

### Gen. No. 14,878.

CONTRACTS—*when acceptance of proposition completes.* A written proposition may be verbally accepted and the contract constitute a complete contract.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed January 24, 1910. Rehearing denied February 3, 1910.

PETER SISSMAN, for plaintiffs in error.

No appearance by defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff was employed by the defendants as a traveling salesman to sell goods on commission. The contract of employment was made by correspondence, and the principal controversy at the trial was as to the compensation agreed on. The contention of plaintiff

was that by the terms of the contract he was to receive a commission of seven and one-half per cent on all *bona fide* orders taken by him; and the contention of defendants was that plaintiff was entitled to commission only on the goods actually delivered by defendants to the customers of plaintiff. Plaintiff put in evidence a letter to him from defendants, dated October 22, 1908, containing the following proposition: "We will send you our line * * * and you can sell same at 7½% commission. At the beginning of each month we will make out a statement of all shipments during the preceding month, and enclose a check for the amount of commission. * * * We have a fine line and one does not have to work hard to make sales. * * * We also wish to say that in case you want some money, we will allow 50% of commissions on future deliveries; provided of course, that your orders are *bona fide.*" He testified, without objection, that on the receipt of said letter he wrote defendants to this effect: "In reply to your letter will say that I will accept your line on a commission of 7½% on all orders taken;" that he received no letter from defendants in reply, but received from them a line of samples and price list and began to sell goods for them; that he sold goods for them from November 1, 1906, to April 8, 1908. Defendants offered no evidence tending to contradict plaintiff's testimony as to the correspondence between the parties prior to the time plaintiff began to work for the defendants.

Defendants' letter of October 22 was an offer by defendants to employ plaintiff and to pay him a commission of 7½% on all goods delivered by defendants on orders taken by him. Plaintiff's answer was not an acceptance, but a rejection of such offer and the substitution of a new proposition, that plaintiff would accept the employment offered "on a commission of 7½% on all orders taken." If the proposition so made by the plaintiff was accepted by the defendants, an agreement was concluded, a contract made between the

parties on the terms so proposed by the plaintiff. The acceptance need not be in writing, but may be inferred from the conduct of the defendants. Anglo Amer. Prov. Co. v. Prentiss, 157 Ill. 506, 514. The defendants, on the receipt of plaintiff's letter, sent him a line of samples and price list, but did not answer his letter. From such acts defendants' acceptance of the proposition contained in plaintiff's letter is to be inferred. We think that by the contract thus made between the parties it was agreed that plaintiff should be paid a commission of $7\frac{1}{2}\%$ on all orders taken by him. This conclusion is in accordance with the conclusion reached by the trial court; and allowing plaintiff commissions on all orders taken by him, the judgment is proper on the evidence.

The judgment of the Municipal Court is affirmed.

*Affirmed.*